NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD J. GOLDBERG, : | |
| Petitioner, : | Civil No. 05-3606 (AET) |
| v. : | **OPINION** |
| WILLIAM FRASER, et al., : | |
| Respondents. : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on application of Petitioner Ronald J. Goldberg for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his Petition, Goldberg claims that the United States Bureau of Prisons ("BOP") inappropriately aggregated two of his federal sentences, causing him to over serve those sentences by a period of at least thirty months. Respondents counter that Goldberg's Petition is moot because he was released from the custodial portion of those two sentences in 2002 and that, even so, the BOP did not err in their aggregation. For the reasons stated below, the Court will deny Goldberg's Petition on the merits.

BACKGROUND

Petitioner Ronald J. Goldberg's criminal history traces a particularly tortuous path which this Court, with difficulty, has attempted to follow. On August 8, 1986, Goldberg was sentenced in the United States District Court for the Eastern District of Pennsylvania to a term of ten years

imprisonment, to be followed by five years of probation to run consecutive to the custodial sentence (the "E.D.Pa. sentence"), on conviction for wire fraud, in violation of 18 U.S.C. § 1343; interstate transfer of money obtained by fraud, in violation of 18 U.S.C. § 2314; and aiding and abetting, in violation of 18 U.S.C. § 2. On February 13, 1991, Goldberg was released from that sentence via parole.[1]

On March 22, 1991, Goldberg was arrested in the Southern District of Florida, where he was tried and convicted on charges of: interstate transportation of stolen securities, in violation of 18 U.S.C. § 2314; devising a scheme to defraud a federally insured financial institution, in violation of 18. U.S.C. § 1344; making false statements on an application for a bank loan, in violation of 18 U.S.C. § 1014; possession of stolen securities, in violation of 18 U.S.C. § 2315; and attempted escape from a correctional center, in violation of 18 U.S.C. § 751. As a result, on December 18, 1992, District Judge James Kehoe sentenced Goldberg to a term of 150 months imprisonment, to be followed by five years of supervised release (the "first S.D.Fl. sentence"). Goldberg appealed this conviction and sentence to the Eleventh Circuit Court of Appeals and, pending the outcome of his appeal, was committed to the custody of the BOP to begin serving his sentence. Soon thereafter, the BOP designated Goldberg to the United States Prison in Lewisburg, Pennsylvania.

On March 16, 1994, Goldberg was indicted in the United States District Court for the Middle District of Pennsylvania on one count of forging the signature of a United States Magistrate Judge, in violation of 18 U.S.C. § 505, and one count of making false statements, in

---

[1] Goldberg's E.D.Pa. sentence preceded November 1, 1987, the effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat.1987, tit. II, ch. II, § 212(a)(2), which abolished the federal parole system.

violation of 18 U.S.C. § 1001.  After a trial before District Judge James McClure, Goldberg was convicted on both counts on June 17, 1994.  On September 13, 1994, Judge McClure sentenced Goldberg to two concurrent terms of imprisonment of twenty-four months, to run consecutively to sentences he was already serving (the "first M.D.Pa. sentence").  Goldberg appealed this conviction and sentence to the Third Circuit Court of Appeals.

On August 16, 1995, the Eleventh Circuit affirmed Goldberg's convictions in the Southern District of Florida, but vacated his 150-month sentence and remanded for an evidentiary hearing and resentencing.  See United States v. Goldberg, 60 F.3d 1536 (11th Cir. 1995).  On October 16, 1995, the Third Circuit reversed Goldberg's convictions in the Middle District of Pennsylvania and remanded to that Court for a new trial.  See United States v. Goldberg, 67 F.3d 1092 (3d Cir. 1996).

Goldberg was retried in the Middle District of Pennsylvania and, on March 14, 1996, was again convicted on both counts he faced there.  On August 2, 1996, Goldberg was sentenced by Judge McClure to two concurrent thirty-month sentences of imprisonment, to be followed by a three-year period of supervised release (the "second M.D.Pa. sentence").  Judge McClure entered a judgment and commitment order on August 7, 1996, which provided:

> The defendant [sic] is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 30 months.  This term consists of terms of 30 months on Count 1 and 30 months on Count 2 to be served concurrently.  The Defendant is subject to an undischarged term of imprisonment for offenses in the Southern District of Florida under Docket No. 91-230-CR-KEHOE-01.  The sentence for the instant offenses shall run consecutively to any sentence the Defendant is now serving or for which he is being held.

(Pet'r's Ex. A at 2.)

On March 30, 1998, Goldberg entered into a sentencing agreement with the Government regarding his pending resentencing in the Southern District of Florida. On April 21, 1998, Judge Kehoe resentenced Goldberg to a term of 125 months imprisonment, with five years of supervised release thereafter (the "second S.D.Fl. sentence"), and recommended that he receive credit for time served from the date of his arrest, March 22, 1991, in accordance with the terms of the sentencing agreement. After the second S.D.Fl. sentence was imposed, the BOP computed Goldberg's overall term of imprisonment by aggregating that sentence with the second M.D.Pa. sentence. This calculation resulted in a projected sentence satisfaction date of August 20, 2002, the date on which Goldberg was in fact released.

On March 24, 2003, jurisdiction over Goldberg's probation was transferred to this Court. See United States v. Goldberg, No. 03-cr-0220 (AET) (D.N.J. filed Mar. 24, 2003). Goldberg was again arrested on August 14, 2003, while still subject to supervised release for his previous offenses. On January 13, 2004, Goldberg pled guilty before District Judge Harold Baer of the United States District Court for the Southern District of New York to one count of fraud by wire, radio, or television, in violation of 18 U.S.C. § 1343, for which Judge Baer immediately sentenced him to a term of thirty-six months imprisonment, to be followed by one year of supervised release (the "first S.D.N.Y. sentence"). See United States v. Goldberg, No. 03-cr-1043 (HB) (S.D.N.Y. filed Jan. 13, 2004).

Subsequent to the S.D.N.Y. sentence, Goldberg was transferred to the Monmouth County Correctional Institute ("MCCI") in Freehold, New Jersey, pending a hearing before this Court on a charge of violation of probation/supervised release. See United States v. Goldberg, No. 03-cr-0220 (AET) (D.N.J. filed Feb. 25, 2004). On July 21, 2005, while still housed at the MCCI,

-4-

Goldberg filed the instant Petition for a Writ of Habeas Corpus with this Court.[2]

In support of his Petition, Goldberg argues that the BOP was incorrect to add the second M.D.Pa. sentence to the second S.D.Fl. sentence in determining his overall time of imprisonment on those two sentences.  He contends that he had completely satisfied the second M.D.Pa. sentence before entering into the sentencing agreement leading to the second S.D.Fl. sentence and that, "[p]ursuant to the terms of the Agreement, and in negotiations leading thereto, it was anticipated by the Petitioner, the Government, and the Court, that the Petitioner would serve no more than 125 months from the date of his arrest in the Southern District of Florida matter."  (Pet. at 5, ¶ 19.)  In essence, Goldberg argues that he has "already served [the second M.D.Pa.] sentence twice."  (Pet. at 16.)

Goldberg asks in his Petition that "the sentence he received from the Middle District of Pennsylvania be deemed to have been completely satisfied as of his August 30, 2002 release date."  (Id.)  The Court interprets this request as seeking to credit the extra time allegedly served on the second M.D.Pa. sentence against the period of supervised release imposed as part of that sentence.  Somewhat confusingly, however, Goldberg avers in his reply not to be "requesting a reduction in the time of his supervised release but rather requesting that the Court recognize that

---

[2] Soon after Goldberg filed the instant Petition, this Court entered an order transferring jurisdiction over his supervised release to the Southern District of New York.  See United States v. Goldberg, No. 03-cr-0220 (AET) (D.N.J. filed Aug. 3, 2005).  Subsequent to that order, Goldberg was moved to the Federal Detention Center in Brooklyn, New York, where he is apparently being held at present.  On April 18, 2006, Goldberg pled guilty before Judge Baer to a violation of the terms of his supervisory release and, on May 2, 2006, Judge Baer entered a judgment sentencing him to 27 months on each probation violation, to run concurrently with each other and consecutively to "any term of imprisonment that he is now serving," to be followed by one year of supervised release (the "second S.D.N.Y. sentence").  See United States v. Goldberg, No. 06-cr-0135 (HB) (S.D.N.Y. filed May 2, 2006).

he over served his previous sentence by a determined number of months, with the hope that the sentencing Court on the violations of supervised release [sic] would consider such a determination in reaching an appropriate sentences [sic] on any violations." (Pet'r's Reply at 2.)

## DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241, habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

A federal prisoner may seek habeas relief pursuant to § 2241 based upon the BOP's miscalculation of his sentence. See Rios v. Wiley, 201 F.3d 257, 270-271 (3d Cir. 2000); see also Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). The federal habeas statute requires that "the petitioner be in custody under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342-43 n.3 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91); see also Spencer v. Kemma, 523 U.S. 1, 7 (1998); Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

Respondents argue that this Court "lacks subject matter jurisdiction to consider the merits of Goldberg's various challenges to the BOP's computation" of the aggregated S.D.Fl. and

M.D.Pa. sentences because Goldberg was no longer "in custody" for those two sentences at the time he filed his habeas Petition. (Answer at 22.) Respondents contend that, at that time, Goldberg was instead "in custody" pursuant to the first S.D.N.Y. sentence.

At the time he filed his Petition, however, Goldberg was also awaiting a hearing before this Court on a charge of violation of probation imposed as part of the second MD.Pa. and S.D.Fl. sentences. He was therefore also "in custody" for those sentences for purposes of the habeas statute. See Lee, 357 F.3d at 342-43 & n.3 (explaining that, under federal law, a violation of probation is not considered a separate offense but an element of the original sentence and that, therefore, "[t]he fact that [a petitioner] is attacking his original conviction and sentence but is 'in custody' as a result of a probation violation is inconsequential."); see also United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420 (3d Cir. 1975) (a prisoner on probation is still in custody). Because Goldberg was in custody under those sentences at the time his Petition was filed, this Court retains jurisdiction to address the Petition's merits.[3] See Lee, 357 F.3d at 342-43 n.3.

B.   The BOP Correctly Aggregated Goldberg's Sentences

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. United States v. Wilson, 503 U.S. 329, 335 (1992); accord United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993). The BOP determines, in the first instance, when the federal sentence commences, and whether the prisoner

---

[3] Although neither issue was raised by Respondents, the Court notes that it retains jurisdiction over Goldberg's Petition despite the subsequent transfer of jurisdiction over his probation to the Southern District of New York and of his physical person to the Federal Detention Center in Brooklyn, New York because Goldberg was housed at the Monmouth County Correctional Institute in Freehold, New Jersey at the time he filed the Petition. See Lee, 357 F.3d at 342-43 n.3; Barden, 921 F.2d at 477 n.1.

can receive credit for any time spent in custody prior to the commencement of the sentence. 18 U.S.C. § 3585(a)-(b). For administrative purposes, the BOP treats multiple terms of imprisonment, whether imposed as consecutive or concurrent terms, as a single, aggregate term of imprisonment. 18 U.S.C.A. § 3584.

In the present case, Goldberg received the second M.D.Pa. sentence after the Eleventh Circuit had vacated the first S.D.Fl. sentence but before the second S.D.Fl. sentence was imposed. Pursuant to Judge McClure's August 7, 1996 judgment and commitment order, the second M.D.Pa. sentence was to run "**consecutively to any sentence** the Defendant is now serving or **for which he is being held**." (Pet'r's Ex. A at 2) (emphasis added). Because at that time Goldberg had not yet been resentenced in Florida, the BOP computed the second M.D.Pa. sentence as a "stand alone" sentence for administrative purposes.

After Goldberg received his second S.D.Fl. sentence on April 21, 1998, however, the BOP was required to recalculate Goldberg's overall term of imprisonment on those two sentences. Pursuant to § 3584(c), the BOP aggregated the second M.D.Pa. sentence with the second S.D.Fl. sentence, which yielded a total term of imprisonment of 155 months and which the BOP determined had commenced on December 18, 1992, the date of Goldberg's first Florida sentence. Goldberg now argues that the BOP erred in doing so, and that he should not be considered to have been "'convicted' of any of the offenses alleged in the Florida indictment" pending his resentencing. (Pet. at 12.) As Goldberg would have it, the BOP should have instead determined that the second M.D.Pa. sentence was satisfied, and therefore calculated a total term of imprisonment of 125 months, with a date of commencement of March 22, 1991.

Were the Court to adopt Goldberg's reasoning, it would make a nullity of both Judge

McClure's order, by effectively allowing the second M.D.Pa. sentence to run wholly concurrent with the second S.D.Fl. sentence, and of the Eleventh Circuit's affirmance of Goldberg's conviction, which speaks for itself.  Further, Goldberg's sentence could not have "commenced" under § 3585(a) before December 18, 1992, the date he received the first S.D.Fl. sentence.  Even so, pursuant to § 3585(b), the BOP credited Goldberg with 637 days prior custody credit for the period from his arrest on March 22, 1991 in the S.D.Fl. case through December 17, 1992, the day prior to the commencement of his aggregated sentence.  Goldberg therefore has received credit against his aggregated sentences for every day since his arrest.  Accordingly, the Court finds that the BOP did not err in aggregating the second M.D.Pa. and S.D.Fl. sentences in determining Goldberg's overall time of imprisonment.

Finally, the Court notes that Goldberg's implicit claim that he would not have entered into the sentencing agreement that led to the second S.D.Fl. sentence if he had realized that sentence would then be aggregated with the second M.D.Pa. sentence is not cognizable in a habeas petition brought in the custodial court under § 2241, but must instead be brought pursuant to the requirements of 28 U.S.C. § 2255.  See Gomori, 533 F.2d at 875.

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to relief under 28 U.S.C. § 2241, and the Court will dismiss the Petition.  An appropriate order is filed herewith.

                                                  s/Anne E. Thompson
                                               ANNE E. THOMPSON, U.S.D.J.

Dated: September 7, 2006